ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
MELISSA MARCUS KROEGER
Assistant U.S. Attorney
Arizona State Bar No. 025209
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: melissa.kroeger@usdoj.gov

*Attorneys for the United States of America*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Charlie,<br><br>                        Plaintiff,<br><br>    vs.<br><br>United States of America,<br><br>                        Defendant. | CV 18-00277-TUC-JGZ<br><br>**ANSWER** |

Answering Plaintiff Richard Charlie's Complaint under the Federal Tort Claims Act, Defendant United States of America admits, denies, and alleges as follows:

1.      Answering Paragraph 1 of Plaintiff's Complaint, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

2.      Answering paragraph 2 of Plaintiff's Complaint, Defendant admits only that Heshmat Mortazavi, D.D.S. was an employee of the Department of Health and Human Services Indian Health Service, acting within the scope of his employment, at the time he rendered dental treatment to Plaintiff Richard Charlie at Sells Indian Hospital in Sells, Arizona. Defendant denies the remaining allegations contained in paragraph 2 of Plaintiff's Complaint.

3.      Answering paragraph 3 of Plaintiff's Complaint, Defendant admits that Heshmat Mortazavi, D.D.S., was an employee of the Department of Health and Human

Services Indian Health Service, acting within the scope of his employment, at the time he rendered dental treatment to Plaintiff Richard Charlie at Sells Indian Hospital in Sells, Arizona.  Defendant denies the remaining allegations contained in paragraph 3 of Plaintiff's Complaint.

4. Paragraph 4 of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent the allegations are deemed factual in nature, Defendant admits that Plaintiff has filed an action against the United States under the Federal Tort Claims Act ("FTCA"), but denies that Plaintiff is entitled to relief under it.

5. Paragraph 5 of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent the allegations are deemed factual in nature, Defendant admits that jurisdiction is proper under 28 U.S.C. § 1346(b)(1) to the extent the Plaintiff seeks relief consistent with a timely and properly filed administrative tort claim.

6. Paragraph 6 of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent the allegations are deemed factual in nature, Defendant admits that venue is proper under 28 U.S.C. § 1402(b).

7. Paragraph 7 of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent the allegations are deemed factual in nature, Defendant admits them.

8. Paragraph 8 contains legal conclusions to which no response is required.  To the extent the allegations are deemed factual in nature, Defendant denies the allegations and affirmatively alleges that Plaintiff has no right to a jury trial as to the United States of America under 28 U.S.C. § 2402.

## COUNT I

## NEGLIGENCE, NEGLIGENCE PER SE

9. Answering paragraph 9 of Plaintiff's Complaint, Defendant incorporates by reference its responses to paragraphs 1 through 8, above.

10. Answering paragraph 10 of Plaintiff's Complaint, Defendant admits the allegations.

11. Answering paragraph 11 of Plaintiff's Complaint, Defendant admits the allegations.

12. Answering paragraph 12 of Plaintiff's Complaint, Defendant admits that the dental records of Plaintiff Richard Charlie reflect that while Dr. Mortazavi was preparing Plaintiff's tooth #10 for a veneer, a high speed hand piece came out of Dr. Mortazavi's hand and a diamond bur penetrated Plaintiff Richard Charlie's face below the zygomatic arch. Defendant denies the remaining allegations contained in paragraph 12 of Plaintiff's Complaint.

13. Answering paragraph 13 of Plaintiff's Complaint, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

14. Answering paragraph 14 of Plaintiff's Complaint, Defendant denies the allegations.

15. Answering paragraph 15 of Plaintiff's Complaint, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

16. Answering paragraph 16 of Plaintiff's Complaint, Defendant denies the allegations.

17. The unnumbered "Wherefore" paragraphs that contain allegations regarding Plaintiff's injuries and Plaintiff's prayer for damages and other remedies requires no response, but to the extent the allegations are deemed factual in nature, Defendant denies the allegations.

**ADDITIONAL DENIALS**

18. Defendant denies each and every allegation of Plaintiff's Complaint not expressly admitted.

19. Defendant denies that it is liable for any conduct or negligence of any kind or nature whatsoever that would warrant the imposition of damages against it, as alleged or at all.

**AFFIRMATIVE DEFENSES**

1. Plaintiff failed to state a claim upon which relief may be granted.

2. Defendant asserts the defenses of contributory and comparative fault to the extent Plaintiff's injuries, losses and/or damages were caused, in whole or in part, by the negligent or wrongful acts or omissions of Plaintiff and/or non-parties.

3. Defendant asserts the defense of assumption of the risk and consent. Plaintiff's losses and/or damages, if any, must be reduced in whole or in part to the extent Plaintiff assumed the risk of the harm alleged.

4. Defendant asserts the defense of mitigation of damages. Plaintiff's losses and/or damages, if any, must be reduced to the extent Plaintiff has failed to mitigate.

5. Plaintiff's losses and damages, if any, must be offset to the extent Plaintiff's losses have been paid or may be eligible for payment by Defendant or others.

6. Any fault of Defendant, which fault is denied, is not the cause in fact or proximate cause of alleged damages suffered by Plaintiff.

7. Pursuant to 28 U.S.C. § 2675(b), Plaintiff cannot recover more in damages than demanded in his administrative tort claim.

8. Defendant's employees, agents and servants acted with due care and therefore could not have breached an actionable duty to Plaintiff.

9. Pursuant to 28 U.S.C. § 2678, Defendant is not liable for attorneys' fees except as provided for by the Federal Torts Claims Act.

10. Pursuant to 28 U.S.C. § 2674, Defendant is not liable for interest prior to judgment or for punitive damages.

11. Pursuant to 42 U.S.C. § 233(k), any recovery by Plaintiff is subject to the availability of appropriated funds.

12. Defendant is not aware of which other affirmative defenses, if any, may be applicable, and therefore reserves the right to assert such other defenses if facts revealed during discovery support such defenses. Defendant expressly preserves and does not knowingly or intentionally waive any of the affirmative defenses set forth in Fed. R. Civ.

P. 8(c).

      WHEREFORE, having fully answered, Defendant prays that Plaintiff take nothing by virtue of his suit, that judgment be rendered in favor of Defendant, that Defendant recover costs of suit incurred herein, and for such other and further relief as the Court deems proper.

      DATED this 17th day of August, 2018.

                                 ELIZABETH A. STRANGE
                                 First Assistant United States Attorney
                                 District of Arizona

                                 *s/Melissa Marcus Kroeger*
                                 MELISSA MARCUS KROEGER
                                 Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

      I hereby certify that on August 17, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Joseph F. Gmuca
JOSEPH F. GMUCA, P.C.
2198 E. Camelback Rd., Suite 310
Phoenix, AZ  85016-4747
Attorney for Plaintiff

 *s/Mary M. Parker*